**HINES, Director General of Railroads, v. JUMPER et al. (No. 2325.)**

(Court of Civil Appeals of Texas. Texarkana. April 4, 1921. Rehearing Denied April 7, 1921.)

**1. Railroads ☜484(3)—Origin of fire held for jury.**

In action for burning barn from sparks from a locomotive, where plaintiff's witnesses testified to seeing a freight train pass shortly before fire was discovered, defendant's train dispatcher's records showing that no train passed at or near the time *held* not conclusive; the issue being for the jury.

**2. Railroads ☜482(2)—Evidence held to show fire originated from locomotive sparks.**

In action for burning a barn, evidence that a high wind was blowing toward the barn from defendant's track while the engine of a passing train sent sparks high in the air, that the barn had been locked a short time before the fire, and that the fire could not have originated from another source, *held* to support the conclusion that the fire originated from sparks emitted from the engine, though the barn was 130 feet from the track.

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Action by J. D. Jumper and another against Walker D. Hines, Director General of Railroads. From judgment for plaintiffs, defendant appeals. Affirmed.

Dinsmore, McMahan & Dinsmore, of Greenville, for appellant.

Dial & Nelson, of Sulphur Springs, for appellees.

HODGES, J. This appeal is from a judgment in favor of the appellee for $2,788.50 as damages for the destruction of his barn and contents by fire. It is alleged that the fire was caused by sparks emitted from a railway locomotive going east on the evening of March 20, 1919. Only two questions are raised in the assignments of error presented in this appeal, both of which attack the sufficiency of the evidence to support the verdict.

[1] The proof showed that the barn was located about 130 feet south of the railway track. It was old, and the roof had many holes through which falling sparks might pass into the building. When first discovered, the fire was a small flame coming through the roof near the center. The testimony was conflicting as to whether or not any train passed that point at or near that time of the day. Witnesses introduced by the appellee testified positively to seeing a freight train going east pass that point only about 15 or 20 minutes before the fire was discovered. Appellant's train dispatcher testified that according to his records no train going east passed there at or near that time. The testimony further showed by appellant's witnesses that the running of trains was regulated by the dispatcher. It is contended that those records should be treated as conclusive proof that no east-bound train passed at that time notwithstanding the testimony of the appellee's witnesses who stated positively that they saw a train pass. We think the conflict in the testimony made an issue for the jury, and the verdict should not be disturbed.

[2] Appellant also contends that the undisputed facts show that the fire could not have originated from sparks emitted from the engine, because of the distance of the barn from the railway track. The evidence showed that the barn was 130 feet south from the nearest point on the railway line. The wind was at the time blowing a rather heavy gale from the northeast, which would carry sparks and cinders in a southwesterly direction. One witness testified that as the train passed that point the engine was apparently being operated under considerable steam pressure, and that he saw sparks flying as high as 30 or 40 feet in the air. There was other testimony tending to show that the barn had been locked only a short time before, and that the fire could· not have originated from any other source. We can-

not say that the circumstances were not sufficient to warrant the conclusion that the sparks caused the fire.

The judgment is affirmed.